(No. 22268.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OSCAR PARKER, Plaintiff in Error.

*Opinion filed April 21, 1934.*

M. C. COOK, (L. A. CRANSTON, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, LOUIS P. ZERWECK, State's Attorney, and J. J. NEIGER, (PAUL H. REIS, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error, Oscar Parker, was indicted in the circuit court of St. Clair county, together with Pete Hungate and Joe Ward, on a charge of obtaining money from Lyda Bills by means and by use of the confidence game. They were tried, convicted and sentenced, and the plaintiff in error prosecutes this writ for a review of that judgment.

The undisputed facts are as follows: William Bills and the complaining witness, Lyda Bills, were operating a restaurant at Marissa, Illinois, in October of 1932. About a week prior to the consummation of the transaction in question the plaintiff in error and Pete Hungate called at the restaurant and talked to Bills about the possible sale of some cigarettes, but no arrangements were then made. The following day the plaintiff in error called at the restaurant and talked with Mrs. Bills, asking her to buy cigarettes, but she told him she was not able to at that time. On the following Tuesday evening the plaintiff in error and Hungate were again at the restaurant to see Bills. He was not present and they again talked to Mrs. Bills, offering to sell her cigarettes which they said they were bringing from Rockford and had charge of the selling. Mrs. Bills told them she would not be interested in anything but Twenty Grands, and they told her they could supply her with two boxes of Twenty Grands and two of Lucky Strikes. Other conversations followed, finally culminating in an agreement with Mrs. Bills that she would buy four cartons or boxes of cigarettes for $120, which appears from the evidence to be much less than the wholesale market value of such merchandise. It is intimated, but not proved, that both parties to the transaction understood they were dealing in stolen property. After the agreement was finally reached, a car drove into the Bills yard, with plaintiff in error driving it. Mrs. Bills went to look for the money and did not see the car unloaded. Hungate went into the dining room, where he found Mrs. Bills,

with the money in her hand, about to go out and inspect the cigarettes. He grabbed the money from her hand and ran through the dining room and out of the door. The defendants left in their car, and Mrs. Bills, upon hastily tearing open the cases, found there were no cigarettes and that the cases were full of straw. Mrs. Bills testified that she intended to examine the cigarettes before paying for them but that she did not have time, as Hungate grabbed the money from her hands too quickly for her.

Without confidence reposed on one side and betrayed on the other there can be no conviction for obtaining money by means and by use of the confidence game. As the name of the offense implies, the gist of it is the element of confidence. (*People* v. *Sullivan,* 349 Ill. 509.) Where money or property is obtained by unlawful means other than by fraudulently obtaining the confidence of the victim and then abusing the confidence so obtained, a conviction for the confidence game cannot stand. (*People* v. *Snyder,* 327 Ill. 402; *People* v. *Ingravallo,* 309 id. 498; *People* v. *Koelling,* 284 id. 118; *People* v. *Gallowich,* 283 id. 360.) A swindling operation does not constitute the confidence game unless the element of confidence becomes a part of such swindling. (*People* v. *Santow,* 293 Ill. 430.) In the case at bar the evidence of Mrs. Bills indicates that she not only had no confidence in plaintiff in error but that the money was actually grabbed from her hands before she had an opportunity to make the investigation which she wished to make. The evidence thus shows not only that the element of confidence is lacking, as is also the further necessary element of a voluntary parting with her money as a result of such confidence.

The judgment of the circuit court of St. Clair county will therefore be reversed.                 *Judgment reversed.*

Mr. Justice Farthing, dissenting.